### SALT v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1903.)

#### No. 3,138.

1. CUSTOMS DUTIES—CLASSIFICATION—WIRE ARTICLE—SWITCH BOARD CABLE.

*Held,* that a cable used for making connections with a telephone switch board, consisting of 64 wires bound together, which, both individually and in the group, are covered with various materials for insulating and waterproofing purposes, is an "article," within the meaning of the second proviso in paragraph 137, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], relating to "articles manufactured from * * * copper wire," and is not dutiable under the provision in the same paragraph for "wire not specially provided for, * * * whether uncovered or covered," nor under paragraph 193 of said act, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], as a manufacture of metal not specially provided for.

Appeal by the Importer from a Decision of the Board of United States General Appraisers.

Application by A. L. Salt, importer, for a review of the decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York. The following extract is made from the opinion of the board in Re Salt, G. A. 4733, T. D. 22,380:

"Fischer, General Appraiser. The components of this merchandise are not in dispute. It is admitted that the wire is chief value, and the sole question to be decided is whether this is an article manufactured from wire, or whether it is simply covered wire. The evidence shows that the article is commercially known as "telephone switch board cable," and that its sole use is for connecting telephone switch boards with the telephones. Its use is therefore limited, and it differs from the single or ordinary wires which are used for electric bells, electric lights, and many other purposes, and which were evidently the articles intended to be covered by the provision for wires, covered or uncovered. This merchandise has acquired such a new name, character, and use as to be no longer wire, but a manufacture of wire. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012; Wolff v. U. S., 71 Fed. 291, 18 C. C. A. 41.

Stephen G. Clarke, for importer.
Charles D. Baker, Asst. U. S. Atty.

PLATT, District Judge. The article in question, as found by the Board of General Appraisers, is made of 64 copper wires, each of which is tin-coated and covered with cotton, the wires being grouped

together, and the whole wrapped successively with paper, metal foil, paper, and cotton threads, after which other cotton threads, treated to make them waterproof, are braided around the whole. It was assessed for duty at 45 per cent. ad valorem and 1¼ cents per pound, under the proviso to paragraph 137 of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], which provides in part "that articles manufactured from * * * copper wire shall pay the rate of duty imposed upon the wire used in the manufacture of such articles, and in addition thereto one and one-fourth cents per pound." It is claimed to be dutiable at the rate of 45 per cent. ad valorem, under the same paragraph of said act, as "wire not specially provided for, * * * uncovered or covered," or, alternatively, under the provisions of paragraph 193 (30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]), or under section 7 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), at the same rate.

The importation in question is a distinctive article, brought over here for a special use, and, quoting from Lawrence v. Allen, 7 How. 785, 12 L. Ed. 914, it is put "into a new form, capable of being used and designed to be used" in that form.

The decision of the Board of Appraisers is affirmed.